# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **LARRY DAVID JACKSON,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:10CV00060 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **OFFICER RANDALL E. BRICKEY,** | ) | By: James P. Jones |
| **ET AL.,** | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

*Richard F. Hawkins, III, The Hawkins Law Firm, PC, Richmond, Virginia, for Plaintiff; Cameron S. Bell, Penn, Stuart, & Eskridge, Abingdon, Virginia, for Defendants.*

The plaintiff contends that he was wrongfully arrested and prosecuted for obstruction of justice and sues under 42 U.S.C.A. § 1983 (West 2010) and state tort law theories. His action was initially dismissed to the extent of his claims against the chief of police and the municipality employing the arresting police officer, but was allowed to continue against the individual officer. He has now filed an Amended Complaint, in which he makes additional factual allegations against the municipality about its failure to provide proper training to its police officers. The defendants again move to dismiss, but I will now allow the action to proceed against the municipality, based upon the new factual allegations.

I

This case arises from the arrest of the plaintiff, Larry David Jackson, along with other members of his family, for obstruction of justice. Jackson filed suit in this court against Randall E. Brickey, an officer with the Saltville, Virginia, Police Department, the chief of police, Barry Surber, and the Town of Saltville ("the Town"). The defendants thereafter moved to dismiss, asserting that qualified immunity protected Officer Brickey from liability and that Jackson had failed to state a claim against Chief Surber and the Town. While I denied the motion as to Officer Brickey, I dismissed the claims against the other defendants on the ground that Jackson failed to sufficiently plead facts tying those parties to the alleged wrongdoing. *Jackson v. Brickey*, No. 1:10CV00060, 2011 WL 652735 (W.D. Va. Feb. 11, 2011).

Jackson has since renewed his claims against Officer Brickey and the Town in an Amended Complaint, which the defendants have again moved to dismiss. Under Federal Rule of Civil Procedure 12(b)(6), I accept the plaintiff's allegations as true for the purposes of evaluating the Motion to Dismiss. The motion has been briefed and is ripe for decision.[1]

---

[1] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

II

The Town moves to dismiss for failure to state a claim of municipal liability under § 1983.

The standard for imposing municipal liability under § 1983 is strict and requires the plaintiff to show that "action pursuant to official municipal policy [or custom] of some nature caused [the] constitutional tort." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Municipal customs, both formal and informal, are established when persistent, widespread practices of municipal officials, whether authorized or not, become so permanent and well settled so as to have the force of law. *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 425 (1997).

A municipality's failure to train may rise to the level of such an official policy for § 1983 purposes; however, such failure to train must amount to a "deliberate indifference" of the rights of its citizens and be affirmatively linked between the inadequacy of the training and the deprivation of a constitutional right. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989). Demonstrating a pattern of similar constitutional violations by untrained employees is "ordinarily necessary" to demonstrate deliberate indifference for purposes of failure to train. *Bd. of Conty. Comm'rs*, 520 U.S. at 409. However, "in a narrow range of circumstances" a single incident may support a failure to train theory where it is "obvious" and "predictab[le] that an officer lacking specific tools to handle [a]

situation will violate citizens' rights." *Id.; see also City of Canton*, 489 U.S. at 390 n.10.

In evaluating a claim of municipal liability at the motion to dismiss stage, federal pleading standards apply, including the refinements recently established by the Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Complaints must be supported by plausible factual allegations that go beyond formulaic recitations of the claim's elements and naked assertions. *Iqbal*, 129 S. Ct. at 1949. In order to survive a motion to dismiss, the plaintiff must plead factual content that demonstrates more than a "sheer possibility that a defendant has acted unlawfully," and that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Jackson's original claims for municipal liability were rejected because his allegations were limited to "mere conclusory statements regarding the police department's failure to train" and "references to generalized deficiencies within the department." *Jackson v. Brickey*, 2011 WL 652735, at *9.

In his Amended Complaint, Jackson attempts to tie these broad statements to the events at issue. Jackson alleges that Chief Surber's presence at the scene, the arresting officers failure to issue Miranda warnings, Officer Brickey's attempt to enter the Jackson home absent a warrant, and the overall misapplication of

Virginia's obstruction law by the officers on the scene provide facts indicating the Town's "institution-wide failure to train its officers properly about the rule of law and the constitutional rights of its citizens." (Am. Compl. 13.)

Jackson also alleges that "at least four" people have filed complaints against Officer Brickey, including a Saltville resident arrested in 2007 for trespassing and disorderly conduct after verbally challenging him, and other citizens who were pulled over on the highway by Officer Brickey without probable cause. (*Id.* at 14.)

Jackson further alleges that the Saltville Police Department hired Officer Brickey despite the fact that he had been terminated from at least two prior law enforcement jobs, and that the department "upon information and belief, provide[d] no specific training or instruction" to its officers as to Virginia's obstruction of justice statute or any relevant judicial updates in its application. (*Id.*) Jackson also alleges that the Town failed to properly update and supplement its officers training. In the case of Officer Brickey in particular, this failure meant that he had not received updates to his training since his graduation from criminal justice training school in 1989. Finally, Jackson reasserts the allegations regarding incidents of misconduct committed by Saltville police officers under Chief Surber's tenure.

For purposes of evaluating a municipal liability claim under § 1983, a pattern of misconduct may not be premised on a single violation, even if that

violation was committed through the contemporaneous conduct of multiple employees. *Connick v. Thompson*, 131 S. Ct. 1350, 1360 n.7 (2011). A single violation, even one involving multiple officers, "cannot establish a pattern of violations that would provide 'notice to the [municipality] and the opportunity to conform to constitutional dictates." *Id.* (citing *City of Canton*, 489 U.S. at 395). Furthermore, establishing a pattern requires that the alleged violations be of a similar type. *Connick*, 131 S. Ct. at 1360-61. Thus, the inapposite allegations that Officer Brickey has wrongfully detained others under substantially different circumstances, as well as the allegations of generalized deficiencies within the police department, are ineffective in pleading the cause of action.

On the other hand, Jackson's other allegations do provide plausible facts to survive the Motion to Dismiss. These facts are specific enough that, in the context of a municipal liability claim, I believe dismissal is inappropriate at this stage of the proceedings.

III

The defendants also renew arguments made in their earlier Motion to Dismiss the original Complaint. I reject those arguments for the reasons stated in my prior Opinion.

I previously dismissed Jackson's claims for injunctive relief and his claims against Chief Surber, and to the extent that the Amended Complaint renews those claims, I dismiss them again here.[2]

IV

For the foregoing reasons, it is **ORDERED** as follows:

1. The Motion to Dismiss (ECF No. 55) is GRANTED in part and DENIED in part;

2. The Motion is DENIED as to the plaintiff's claims against Officer Randall E. Brickey;

3. The Motion is DENIED as to the plaintiff's claims against the Town of Saltville;

4. The Motion is GRANTED as to any claims against Chief Barry S. Surber; and

3. The Motion is GRANTED as to the plaintiff's claim for injunctive relief.

ENTER: May 2, 2011

/s/ James P. Jones
United States District Judge

---

[2] The Amended Complaint does not expressly name Chief Surber as a defendant, but refers to him in the ad damnum.